BENNETT v. PARKER.

ELIZABETH BENNETT, *Appellee*, vs. CHARLES T. PARKER, *Appellant.*

A new trial on the ground of newly discovered evidence, will not be granted upon evidence which may *possibly* influence a Court or Jury to render a different verdict. The true criterion is, would the legitimate logical effect of the newly discovered fact be to reverse the former verdict?

*Calhoun Circuit*

*T. G. Pray* for the Plaintiff.

*Brown & Patterson* for the Defendant.

*By the Court,* WOODRUFF, J.—This is a motion for a new trial on the part of the defendant.

Several grounds are assigned for the applications, the last one of which, the seventh, is understood to be in the present state of the record. the only one seriously urged by the mover and that is the ground of newly discovered evidence.

The action is assumpsit to recover money collected by the defendant as a Justice of the Peace on notes belonging to the plaintiff, but sued in the name of one Henry Smith.

The case was tried in the court below, and a judgment rendered in favor of the plaintiff for $35.82 damages, besides costs. The cause was appealed to this court and referred, and judgment rendered on report of the referee for the sum of $39.90 due the 16th of November, 1868.

The findings of the referee, so far as concerns the ground of the present application, are in effect that the plaintiff was the owner of the notes on one of which the money was collected by the defendant, which is now in question in this case, that

they were placed in the defendant's hands by the agency of Smith, and that Smith never had any property in the notes or money collected on them, and that they were sued in Smith's name without authority so to do, and that, before the money was paid over to Smith, the defendant was notified by the plaintiff that the notes were her property, and not to pay the proceeds to Smith.

The necessary inference from these findings is, that the question of plaintiff's property in the notes and the agency of Smith and the knowledge of such agency by defendant were litigated before the referee and that evidence on the question was produced before the referee.

The affidavit of the defendant read on this motion to show the newly discovered evidence, states that the plaintiff had said in the presence of John E. Cooper that Henry Smith had settled with the defendant for the money in controversy in this suit, and that the plaintiff had told one Robert Simpson that said Smith had authority from her, said plaintiff, to collect the notes in controversy herein in his own name.

Mr. Cooper, in his affidavit, does not support this statement. He says, merely, that he knows that Smith had settled with defendant.

The effect of this evidence is manifestly quite different from that alleged by Mr. Parker in his affidavit, because the plaintiff's admission of such a settlement would carry on its face an intimation of her assent to it, or that it had been done legally, yet a settlement might have been made between Smith and defendant, and known to the witness without at all implicating the plaintiff. Consequently the affidavit of Cooper does not sustain the allegation of defendant's affidavit and does not show the newly discovered evidence which his affidavit alleges, but something essentially different in form and subject.

This portion of the newly discovered evidence must therefore be laid out of view in considering the motion, and the residue not subject to this remark can alone be regarded.

We come then to consider the evidence proposed to be given by the other witness, Robert Simpson, that is to say, that the

plaintiff told him that Henry Smith had the right to collect the said notes in his own name.

The first inquiry suggested as to this piece of evidence is, is it cumulative? If it is, there can be no question as to the impropriety of granting a new trial on that account.

But is it cumulative? As I understand the authorities, what is meant by cumulative evidence, is further or additional evidence of a fact as to which evidence was given by the party asking a new trial, on the former trial.

Mr. Stace, one of the defendant's counsel, before the referee, states in his affidavit for the motion, with a view probably to this point, "that the defendant produced no direct evidence in "the said trial to prove or tending to prove that the plaintiff "had authorized the said Henry Smith to sue and collect the "notes in controversy in his own name."

Now it is easy to see that if Mr. Stace had stated that no evidence *whatever* had been given on the point, it would have been more satisfactory and would have brought the case more clearly within the rules. I notice in passing, by the way, that the word *direct* is interlined in the affidavit, indicating both the candor of the affidavit and conceding that some evidence was given bearing upon the point now under review.

If the case, however, depended on this affidavit alone, I should entertain considerable doubt as to the propriety of denying the motion, and should incline to grant it, if the evidence newly discovered were decisive of the case.

It is not by any means every new fact, however, that may be adduced upon a new trial that constitutes a ground for one. It is not even such a fact as might possibly influence a jury or Court to give a different verdict, which can be allowed to send the case to another trial.

The criterion is, would the legitimate logical effect of the new fact be to reverse the former verdict?

It is true the referee has found as a matter of fact, that Smith unlawfully converted the notes into judgment in his favor, but would it have made any substantial difference if the name of Smith had been used as plaintiff with the plaintiff's authority and direction the defendant being notified in due sea-

son of the plaintiff's interest in and actual ownership of the notes which appears by Smith's testimony in the Court below, and for this purpose also, by the finding of the referee.

The fact of Smith's agency being shown and made known to the defendant, with notice not to pay over the money to him before payment made to Smith, an actual payment to the latter would not shield him from liability to the plaintiff. The mere circumstance of Smith's name appearing as plaintiff in the judgment is no answer to such a notice and does not neutralize its effect—for it is entirely competent for an agent holding negotiable paper (as this must be presumed to have been) for collection, to use his own name as a party, and it is no uncommon proceeding to institute a suit in that way—*Solomans vs. Bank of Eng.*, 13 *East*, 135; *Story on Agency*, 394—and the fact is no defence to the action. The defendant was bound to know such to be the law and therefore to give heed to the notice from plaintiff not to pay over the proceeds to Smith.

The legitimate, logical effect therefore of the newly discovered evidence could not be to change the result already attained by the report of the referee: consequently the motion cannot prevail and must be denied with costs.